UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24503-CIV-MOORE/TORRES

UNITED STATES OF
AMERICA; and the
STATE OF FLORIDA, ex rel.
THEODORE A. SCHIFF, M.D.,
      Plaintiffs.

v.

GARY L. MARDER, D.O.;
ALLERGY, DERMATOLOGY
& SKIN CANCER CENTER,
INC., a Florida Corporation,
ROBERT I. KENDALL, M.D., and
and KENDALL MEDICAL
LABORATORY, INC.,
      Defendants.

_____/

**DEFENDANTS, GARY L. MARDER, D.O. AND ALLERGY,
DERMATOLOGY & SKIN CANCER CENTER INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO UNITED STATES' COMPLAINT**

Defendants, Allergy, Dermatology & Skin Cancer Center, Inc. ("ADSCC") and Gary

Marder, D.O., sued in his individual capacity ("Dr. Marder") (collectively "Defendants"), by and

through their undersigned counsel, answer the United States' Complaint [DE 30], by responding

to the correspondingly numbered paragraphs of the Complaint as follows:

**I.     NATURE OF ACTION**

1.     Admitted the action is what it purports to be; denied the Government is entitled to

recovery.

2.     Admitted.

**a.     Services not Rendered or Supervised, or Rendered by Unqualified Personnel**

3.    Denied.

**b.    Laboratory Kickback Scheme**

4.    Denied.

5.    Denied as to the allegations of Defendants' conduct, intent, and statutory violations; the remaining allegations state a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

6.    Denied.

## II.    JURISDICTION AND VENUE

7.    Admitted.

8.    Admitted.

9.    Admitted.

## III.    PARTIES

10.    Admitted.

11.    Without knowledge; therefore denied.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Denied.

16.    Without knowledge; therefore, denied.

17.    Without knowledge; therefore, denied.

18.    The allegations regarding parties other than Defendants are unknown and therefore denied. Defendants deny the remaining allegations.

{32312458;1}

19.     Defendants deny the allegations as to "radiation oncology services."  Defendants admit the remainder of the allegations.

## IV.   THE LAW

### a.     The False Claims Act

20.     The allegations regarding parties other than Defendants are unknown and therefore denied.  Defendants deny the remaining allegations.

21.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

22.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

### b.     The Anti-Kickback Statute

23.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

24.     The statutory language speaks for itself.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

25.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

26.     The statutory language speaks for itself.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

27.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

**c.    The Stark Law**

28.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

29.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

30.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

31.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

32.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

33.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

34.    Denied.

**d.    Medicare Enrollment**

35.    Unknown; therefore, denied.

36.     Unknown; therefore, denied.

37.     Defendants deny the allegations and/or are without knowledge thereof.

38.     Without knowledge; therefore, denied.

39.     Denied.

40.     The allegations regarding parties other than Defendants are unknown and therefore denied. Defendants deny the remaining allegations.

41.     The allegations regarding parties other than Defendants are unknown and therefore denied. Defendants deny the remaining allegations.

42.     Denied.

## V.     REGULATORY SCHEME FOR MEDICARE AND TRICARE PAYMENT FOR RADIATION ONCOLOGY SERVICES

### a.     MEDICARE

43.     This paragraph states a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

44.     This paragraph states a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

45.     This paragraph states a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

46.     This paragraph states a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

47.     This paragraph states a conclusion of law as to which no response is required. To the extent an answer is required: Defendants deny the allegations.

48.    The allegations regarding parties other than Defendants are unknown and therefore denied.  Defendants deny the remaining allegations.

49.    The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

50.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

51.    The allegations regarding parties other than Defendants are unknown and therefore denied.  Defendants deny the remaining allegations.

52.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

53.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

54.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

55.    The allegations regarding parties other than Defendants are unknown and therefore denied.  The allegations regarding ADSCC are denied.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

56.    Plaintiff's Exhibit speaks for itself and is inadmissible. The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

57.     The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

58.     The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

**b.     TRICARE**

59.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

60.     The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

61.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

62.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

63.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

64.     Denied.

65.     Plaintiff's Exhibit speaks for itself and is inadmissible.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

**c.     MEDICARE COVERAGE AND CLAIMS SUBMISSIONS**

66.     The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

67.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

68.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

69.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

70.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

71.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

72.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

73.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

74.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

75.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

76.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

{32312458;1}

77.     The statutory language speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

78.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

### d.     RADIATION ONCOLOGY

79.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

80.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

### 1.     Supervision Requirements for Radiation Therapy

81.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

82.     The Medicare Benefit Policy Manual speaks for itself. The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

83.     The Medicare Benefit Policy Manual speaks for itself. The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

84.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

85.     This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

### 2.   Training Requirements for Radiation Therapy

86.    First Coasts' Local Coverage Determination speaks for itself.   The remaining allegations state a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

87.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

### 3.   Payment for Radiation Therapy

88.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

89.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

90.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

91.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

92.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

93.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

94.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

95.    This paragraph states a conclusion of law as to which no response is required.   To the extent an answer is required: Defendants deny the allegations.

{32312458;1}

96.     The Medicare Program Memorandum speaks for itself.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

97.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

### 4.     Payment for Hyperfractionation Radiation Therapy

98.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

99.     First Coasts' Local Coverage Determination speaks for itself.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

### 5.     Payment for Professional Services Performed by the Physician

100.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

101.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

102.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

103.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

104.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

105.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

106.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

**e.     PHYSICIAN SERVICES AND OFFICE VISITS**

107.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

108.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

109.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations

110.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations..

111.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

**1.     Evaluation and Management Services (E/M) Services**

112.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

113.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

114.     This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

115.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

116.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

117.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

        **2.**    **Dermatological Surgery Codes**

118.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

119.    Denied.

       **f.**    **PATHOLOGY SERVICES**

120.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

121.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

122.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

123.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

124.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

**VI.    NON-RENDERED, UNSUPERVISED AND UNQUALIFIED SERVICES**

125.    Denied.

126.    Denied.

127.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

128.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

129.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

a.    **Upcoding of Radiation Levels**

130.    Denied.

131.    Denied.

132.    Denied.

133.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

134.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

135.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

136.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

137.    Admitted.

138.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

139.    Denied.

140.   Denied.

141.   The allegations that Defendants submitted false claims to Medicare and TRICARE are denied.  The allegations that the radiation devices owned by Dr. Marder were incapable of administering anything but superficial radiation are denied.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

   **b.      Unqualified Personnel**

142.   The allegations that Defendants submitted false claims are denied.   The allegations that Dr. Marder was unqualified under Medicare guidelines to render/supervise the services in question are denied. The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations..

   **c.      Hyperfractionation**

143.   The allegations as to Defendants' conduct are denied.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

144.   The allegations as to Defendants' conduct are denied.  The allegations that Defendants submitted false claims are denied.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

145.   The allegations as to Defendants' conduct are denied. The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

146.    The allegations that Defendants submitted false claims are denied.  The remaining allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

**d.    Billing in Excess Quantities**

147.    Denied.

148.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

**e.    Failure to Supervise Due to Travel**

149.    Denied.

150.    Denied.

151.    Plaintiff's Exhibit speaks for itself and is inadmissible.  Defendants deny the remaining allegations.

152.    Plaintiff's Exhibit speaks for itself and is inadmissible.  Defendants deny the remaining allegations.

153.    Plaintiff's Exhibits speak for themselves and are inadmissible.  Defendants deny the remaining allegations.

154.    Plaintiff's Exhibit speaks for itself and is inadmissible.  Defendants deny the remaining allegations.

155.    Plaintiff's Exhibit speaks for itself and is inadmissible.  Defendants deny the remaining allegations.

156.    Plaintiff's Exhibit speak for themselves and are inadmissible.  The allegations that Defendants submitted false claims are denied.  The allegations as to Defendants' conduct are denied.  Part of the allegations state a conclusion of law as to which no response is required.  To

the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

157.    Plaintiff's Exhibit speak for themselves and are inadmissible.  The allegations that Defendants submitted false claims are denied.  The allegations as to Defendants' conduct are denied.  Part of the allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

158.    Plaintiff's Exhibit speak for themselves and are inadmissible.  The allegations that Defendants submitted false claims are denied.  The allegations as to Defendants' conduct are denied.  Part of the allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

159.    Plaintiff's Exhibit speak for themselves and are inadmissible.  The allegations that Defendants submitted false claims are denied.  The allegations as to Defendants' conduct are denied.  Part of the allegations state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

f.    **Failure to Supervise Due to the Operation of Two Geographically Separate Offices**

160.    Admitted.

161.    Admitted.

162.    Admitted.

163.    Denied.

164.   Denied.

165.   Denied.

166.   Denied

167.   Denied.

168.   This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

169.   This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

170.   This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

g.   **Additional Examples of False Claims**

1.   **Medicare Beneficiary BM**

171.   Without knowledge; therefore, denied.

172.   Without knowledge; therefore denied.

173.   Without knowledge; therefore, denied.

174.   Without knowledge; therefore, denied.

175.   Without knowledge; therefore, denied.

176.   Without knowledge; therefore, denied.

177.   Without knowledge; therefore, denied.

178.   Without knowledge; therefore, denied.

2.   **Medicare Beneficiary AW**

179.   Without knowledge; therefore, denied.

180.   Without knowledge; therefore, denied.

181.   Without knowledge; therefore, denied.

182.   Without knowledge; therefore, denied.

### 3.   Medicare Beneficiary SS

183.   Without knowledge; therefore, denied.

184.   Without knowledge; therefore, denied.

185.   Without knowledge; therefore, denied.

186.   Without knowledge; therefore, denied.

187.   Without knowledge; therefore, denied.

188.   Without knowledge; therefore, denied.

189.   Without knowledge; therefore, denied.

190.   Without knowledge; therefore, denied.

191.   Without knowledge; therefore denied.

192.   The allegations regarding Dr. Marder's international travel are denied.
Defendants are without knowledge of the remaining allegations; therefore, denied.

### 4.   Beneficiary EW

193.   Without knowledge; therefore, denied.

194.   Without knowledge; therefore, denied.

### 5.   Medicare Beneficiary PB

194(2)[1]Without knowledge; therefore, denied.

195.   Without knowledge; therefore, denied.

196.   Without knowledge; therefore, denied.

---

[1] The Complaint has two Paragraphs numbered "194." For simplicity purposes, Defendants have referred to the second Paragraph Number 194 as "194(2)".

**6.      Medicare Beneficiary CE**

197.    Without knowledge; therefore, denied.

198.    Without knowledge; therefore, denied.

199.    Without knowledge; therefore, denied.

**7.      Medicare Beneficiary BL**

200.    Without knowledge; therefore, denied.

201.    Without knowledge; therefore, denied.

202.    Without knowledge; therefore, denied.

**8.      Medicare Beneficiary LG**

203.    Without knowledge; therefore, denied.

204.    Without knowledge; therefore, denied.

205.    Without knowledge; therefore, denied.

## VII.    THE ILLEGAL LABORATORY REFERRAL SCHEME

**a.      False and Fraudulent Claims and Statements**

206.    Denied.

207.    Denied.

208.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

209.    Denied.

**b.      Background**

210.    The allegations regarding parties other than Defendants are unknown and therefore denied. The allegations as to Defendants' conduct are denied.  Part of the allegations

state a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

211.    This paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.

212.    Without knowledge; therefore, denied.

213.    Denied.

214.    Admitted to the extent that Dr. Marder had a license to perform laboratory services.  Part of the paragraph states a conclusion of law as to which no response is required.  To the extent an answer is required: Defendants deny the allegations.  Defendants deny any remaining allegations.

215.    Denied.

c.    **The Operation of the Illegal Laboratory Referral**

216.    Admitted.

217.    Defendants deny all allegations claiming that tissue samples were delivered to KML. Defendants admit the allegations that tissue samples were delivered to Kendall.

218.    Denied as to any conduct attributed to Defendants.  Defendants are without knowledge of the remaining allegations; therefore, denied.

219.    Denied as to any conduct attributed to Defendants.  Defendants are without knowledge of the remaining allegations; therefore, denied.

220.    Denied as to any conduct attributed to Defendants.  Defendants are without knowledge of the remaining allegations; therefore, denied.

221.    Denied.

222.    Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

## VIII.   FIRST CAUSE OF ACTION (False Claims Act: Presentation of False Claims)

228. The previous admissions and denials are incorporated herein as previously stated.

229. Denied.

230. Denied

231. Denied

## IX.   SECOND CAUSE OF ACTION (False Claims Act: Presentation of False Claims)

232. The previous admissions and denials are incorporated herein as previously stated.

233. Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

234. Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

235. Denied.

236. Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

## X.   THIRD CAUSE OF ACTION (False Claims Act: Presentation of False Statements Material to False Claims)

237. The previous admissions and denials are incorporated herein as previously stated.

238. Denied.

239. Denied.

240.   Denied.

## XI.   FOURTH CAUSE OF ACTION (False Claims Act: Presentation of False Statements Material to False Claims)

241.   The previous admissions and denials are incorporated herein as previously stated.

242.   Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

243.   Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

244.   Denied.

245.   Defendants are without knowledge of any allegations regarding parties other than Defendants; therefore, denied.  Defendants deny the remaining allegations.

## XII.   FIFTH CAUSE OF ACTION (Conspiracy)

246.   The previous admissions and denials are incorporated herein as previously stated.

247.   Denied.

248.   Denied.

249.   Denied.

## XIII.   SIXTH CAUSE OF ACTION (Unjust Enrichment)

250.   The previous admissions and denials are incorporated herein as previously stated.

251.   Admitted to the extent that the United States is seeking monies from Defendants. Defendants deny any allegations that they have been unjustly enriched.  Defendants deny the remaining allegations.

252.   Denied.

## XIV.   SEVENTH CAUSE OF ACTION (Payment by Mistake)

253.   The previous admissions and denials are incorporated herein as previously stated.

254.   Admitted to the extent that the United States is seeking monies from Defendants. Defendants any allegations that they have been paid by mistake.  Defendants deny the remaining allegations.

255.   Denied.

All allegations not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

Defendants plead the Government fails to state a cause of action by reason of these Affirmative Defenses:

### First Defense

Because the services were reasonably medically necessary and performed, the benefit provided or retained was not "unjust."

### Second Defense

The Government has not sustained any actual damages because the services provided were medically necessary and billed correctly; thus, any damages are speculative.

### Third Defense

Dr. Marder had the necessary qualifications as a Medicare provider for the services rendered.

### Fourth Defense

Defendants possessed and employed in their services equipment that was inspected and authorized by the State of Florida and the Medicare and Tricare programs.

### Fifth Defense

The damages sought are constitutionally excessive given the lack of harm to the Government, under the excessive fines clause contained in the 8th Amendment to the U.S. Constitution.

{32312458;1}

## Sixth Defense

The unjust enrichment claim fails because an unjust enrichment claim cannot be predicated on wrongful conduct of a defendant.

## Seventh Defense

The Government fails to state a cause of action against Defendants because Defendants did not have the requisite knowledge to violate the FCA.

## Eighth Defense

All claims submitted for payment were based on amounts Defendants reasonably believed to be due, and therefore, Defendants did not possess the requisite knowledge and intent to violate the FCA.

## Ninth Defense

The Government fails to state a cause of action under Section 3729(1)(B) because no false statement or record was created or used.

## Tenth Defense

The alleged false certifications were not material to payments made, and therefore, the Government fails to state a cause of action.

## Twelfth Defense

The alleged relationship between Defendants and Robert I. Kendall, M.D. met the bona fide employment and other exceptions to the Stark and Anti Kick-Back statutes.


Defendants reserve their right to amend this Answer and Affirmative Defenses during the course of this litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email this day on Mark A. Lavine, Assistant United States Attorney, at Mark.Lavine@usdoj.gov, Lawrence S. Klitzman, Esq. at lsk@klitzlaw.com and Jed Dwyer, Esq., attorney for Dr. Robert Kendall, at dwyerje@gtlaw.com.

Respectfully submitted,

Akerman LLP
Attorneys for Defendants
Gary Marder, D.O. and Allergy,
Dermatology & Skin Cancer Center, Inc.
One S.E. Third Avenue, Suite 2500
Miami, Florida 33131
305-374-5600
305-374-5095 fax
jacqueline.arango@akerman.com

By: /S/ Jacqueline Arango
     Jacqueline Arango
     Florida Bar No. 664162

{32312458;1}