UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-24503-CIV-MOORE/MCALILEY

UNITED STATES OF AMERICA and the
STATE OF FLORIDA, *ex rel*.
THEODORE A. SCHIFF, M.D.,

      Plaintiffs,

vs.

GARY L. MARDER, D.O.; ALLERGY,
DERMATOLOGY & SKIN CANCER
CENTER, INC., a Florida corporation,
ROBERT I. KENDALL, M.D., and
KENDALL MEDICAL LABORATORY,
INC., a Florida corporation,

      Defendants.
_____/

## ROBERT I. KENDALL, M.D., AND KENDALL MEDICAL LABORATORY'S MOTION FOR STAY OF DISCOVERY IN CIVIL CASE

Defendants Robert I. Kendall, M.D. and Kendall Medical Laboratory (collectively the Kendall defendants) respectfully submit this Motion for Stay of Discovery. Kendall and KML previously filed a motion to stay. (D.E. 72). In denying that motion, the Court stated "[a]t this point, the Court finds a stay of the civil proceeding is not required in the interests of justice." (D.E. 81). As more fully explained in the Marder Defendants Motion to Stay Discovery and Motion for Hearing (D.E. 99), certain new developments have arisen that require a stay.[1] First, the United States is using the civil case to expand its criminal investigative powers and otherwise infringe on the defendant's right to prepare a criminal defense. Second, the recent denial of a proposed

---

[1] By reference herein, the Kendall defendants adopt the legal citations and argument contained in the Marder Defendants' Motion to Stay Discovery (D.E. 99).

protective order puts a fine point on arguments previously raised in the motion to stay. These special circumstances warrant a stay.

The United States has abandoned all pretenses of a parallel investigation. More specifically, they are using the civil discovery process to further the criminal investigation. The agents are participating in depositions in a manner far beyond that which would normally be permissible in a criminal investigation. Further, interrogatories, propounded after the Court's order on the previous motion to stay, will necessarily result in the defendants being required to disclose their theory of defense. The interrogatories at issue seek all relevant facts and evidence that would support the affirmative defenses in this civil case. Importantly, they are the same defenses that the defendants would use in any criminal case. Again, there is no such procedure in the criminal discovery context to require the defendant to lay out his theory of defense. Bottom line, regardless of the intent, the effect of the United States civil discovery demands are to gain an unfair advantage in the criminal case. Accordingly, discovery should be stayed. *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.") see also *Nowaczyk v. Matingas*, 146 F.R.D. 169 (N.D. IL. 1993) (granting protective order barring plaintiff from disclosing certain discovery evidence collected in civil case on basis that civil litigants should not use civil process to expand criminal investigative power); *S.E.C. v. Mersky*, 1994 WL 22305, at *5 (E.D. Pa. January 25, 1994) (relying on *Campbell* and holding "the proper focus is not upon the discovering party's intent in seeking discovery, but rather, upon the effect of his obtaining such discovery.")

A motion to stay is also warranted, because protective orders are unavailable to protect the defendant from suffering a negative consequence for the exercise of his constitutional right. More specifically, in denying the previous motion to stay, the Court found that "Defendants' Fifth Amendment concerns can be adequately addressed through well-tailored protective orders and conditions to limit and/or direct discovery which might cause potential interference with the ongoing criminal investigation." *See* D.E. 81. While the defendant sought such a protective order, s*ee* D.E. 85 & 87, that motion was denied, *see* D.E. 98. The denial of the protective order puts at issue the concerns raised in the previous motion to stay. Accordingly, a stay of the civil discovery is warranted.

## CONCLUSION

For the foregoing reasons, and the reasons cited in the Marder Defendants' Motion to Stay (D.E. 99), the Kendall Defendants respectfully request that a stay of discovery be granted.

Dated: August 24, 2015

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants Robert I. Kendall, M.D. and Kendall Medical Laboratory, Inc.*
333 Avenue of the Americas, Suite 4400
Miami, Florida  33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717

/s/ Jared E. Dwyer
JARED E. DWYER
Florida Bar No. 104082
dwyerje@gtlaw.com
EVA M. SPAHN
Florida Bar No. 0092063
spahne@gtlaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2015, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

/s/ Jared E. Dwyer
JARED E. DWYER

**Service List**

Jacqueline M. Arango
Akerman LLP
One Southeast Third Avenue
25th Floor
Miami, FL 33131
Jacqueline.arango@akerman.com

Lawrence S. Klitzman
Klitzman Law Group, PLLC
1391 Sawgrass Corporate Pkwy
Sunrise, FL 33323
lsk@klitzlaw.com

Mark Lavine
Assistant United States Attorney
U.S. Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
mark.lavine@usdoj.gov

Bruce E. Reinhart
McDonald Hopkins LLC
505 S. Flagler Drive
Suite 300
West Palm Beach, FL 33401
breinhart@mcdonaldhopkins.com

Daniel R. Miller
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
dmiller@bm.net