UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-24503-KMM

UNITED STATES OF AMERICA and the
STATE OF FLORIDA, *ex rel*.
THEODORE A. SCHIFF, M.D.,

        Plaintiffs,

v.

GARY L. MARDER, D.O., ALLERGY,
DERMATOLOGY & SKIN CANCER
CENTER, INC., a Florida corporation,
ROBERT I. KENDALL, M.D., and
KENDALL MEDICAL LABORATORY,
INC., a Florida corporation,

        Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court upon a sua sponte review of the record. In the interest of clarity, judicial economy, and the pursuit of "the just, speedy, and inexpensive determination" of this cause of action, *see* Fed. R. Civ. P. 1, the Court enters the following omnibus order.

**I.   Background**

Before proceeding to the various motions pending before the Court, a brief overview of the procedural and factual background of this case is necessary to provide the framework that guides the Court's analysis.

On December 13, 2013, Theodore A. Schiff, M.D. ("Relator") filed a complaint for damages under the qui tam provisions of the False Claims Act ("FCA") against: (1) Defendants Gary L. Marder, D.O. Allergy, Dermatology & Skin Cancer Center, Inc. (the "Marder

Defendants") and (2) Defendants Robert I. Kendall, M.D. and Kendall Medical Laboratory, Inc. (the "Kendall Defendants"). *See* Compl. (ECF No. 1). On October 14, 2014, Plaintiff, the United States of America (the "Government"), notified the Court of its decision to intervene in the matter pursuant to 31 U.S.C. § 3730(b)(2) and (4). Shortly thereafter, the Court ordered the unsealing of the Complaint, the Government's Notice of Intervention, and various other orders and further provided thirty (30) days for the Government and Relator to serve the Complaint on Defendants. *See* (ECF No. 23).

On January 26, 2015, the Court entered its first scheduling order and referral to mediation in this case setting trial for the two-week period beginning January 25, 2016, with all discovery required to be completed one hundred (100) days prior to the trial date. *See* (ECF Nos. 57, 58). After denying both the Marder and Kendall Defendants subsequent motions to dismiss, *see* ECF No. 75, the Court next addressed Defendants' Motions for Stay of Civil Case. *See* (ECF Nos. 70, 72). In their respective motions, Defendants sought a stay of this action until the parallel criminal investigation of Defendants was complete. The Court denied Defendants' motions on the basis that a stay was not "required in the interests of justice." *See* (ECF No. 81).

After a brief period of discovery, the Court next faced another round of motions to stay—this time for discovery—by the Defendants. *See* (ECF Nos. 99, 100). The gravamen of Defendants' arguments was that the Government was allegedly exploiting its parallel criminal investigation to gain an unfair advantage in this civil action and such activity warranted the stay of further discovery. The Court found no evidence that the Government improperly merged its civil and criminal investigations and thus denied Defendants' motions. *See* (ECF Nos. 116).

On October 14, 2015, Mediator Thomas Glick filed a Notice of Mediation Hearing informing the Court that a mediation hearing was scheduled for October 21, 2015. Based upon the operative scheduling order at that time, the deadline for mediation was November 6, 2015,

with a mediation report to be filed with the Court no later than "five (5) days following the mediation conference." *See* (ECF No. 58).

On October 16, 2015, the parties filed a joint motion to continue trial for six months and for the Court to reset the pretrial deadlines. *See* (ECF No. 122). In support of the motion, the parties offered that a continuance was necessary for: (1) completion of outstanding fact discovery; (2) completion of expert discovery; (3) continuation of filter team review of fifteen computers seized from the Marder Defendants in the parallel criminal proceeding; and (4) completion of mediation. *Id.* On October 23, 2015, the Court granted the motion in part and cautioned the parties that "future requests for modification . . . will be looked upon with the utmost scrutiny." *See* (ECF No. 123).

The Court then entered an amended scheduling order requiring all discovery to be complete by March 5, 2016. *Id.* Additionally, the Court reset the trial date for the two-week period beginning June 13, 2016. *Id.* Lastly, the Court reiterated that its previous scheduling order (ECF No. 57) remained unaffected by the amended order and all pretrial motions were to be filed no later than March 25, 2016. *Id.* Consistent with the Court's previous order of referral to mediation (ECF No. 58), the new mediation deadline was also March 25, 2016. However, the mediator did not file a mediation report by this date.

On April 4, 2016, the Court entered an order to show cause for why no mediation report was timely filed. *See* (ECF No 163). The Court gave the parties until April 8, 2016 to respond to the order and warned that failure to comply "may result in the imposition of sanctions, including dismissal of this case." *Id.* All parties responded in accordance with the April 4 Order and the Mediation Report was also filed. *See* (ECF Nos. 166, 167, 168, 169). According to the responses, all parties attended the October 21, 2015 mediation hearing before Thomas Glick. At the end of the day, the parties reached a break and agreed to continue mediation at a later date.

Beginning on December 3, 2015, counsel for the Marder Defendants contacted the Government's counsel to schedule another mediation date and ultimately suggested December 17, 2015 as a possibility. The Government responded to the Marder Defendants on December 8, 2015 and noted that it did not really make sense to conduct another mediation at that time given the lack of movement in the case. According to the Marder Defendants, Dr. Marder grew frustrated with the Government's approach to mediation and he personally called the mediator on several occasions to schedule another mediation date. Ultimately, based on the belief that the criminal investigation was hampering a potential civil settlement, the Marder Defendants scheduled a settlement meeting with the Government for January 12, 2016.[1]

The Kendall Defendants knew of the Marder Defendants attempts to settle the matter and elected to allow the Marder Defendants and the Government to resolve their issues first. Despite the limited movement towards settlement, both the Marder and Kendall Defendants express a continued desire to resolve this matter through mediation. The Government took no position on this issue in its response. The Court now turns to the various issues pending before it.

A. **<u>Court Annexed Mediation</u>**

Mediation is an important means of alternative dispute resolution that promotes conciliation, compromise, and often the ultimate settlement of a civil action. *See* S.D. Fla. L.R. 16(a)(1). The Local Rules recognize the significant role mediation plays in the resolution of civil cases by stating the following:

> It is the purpose of the Court, through adoption and implementation of this Local Rule, to provide an alternative mechanism for the resolution of civil disputes leading to disposition before trial of many civil cases with resultant savings in time and costs to litigants and to the Court, but without sacrificing the quality of justice to be rendered or the right of the litigants to a full trial in the event of an

---

[1] In their response, the Marder Defendants note that they have made a monetary settlement offer for which the Government has yet to respond with a counter offer. *See* (ECF No. 168) at 2.

>impasse following mediation.  Mediation also enables litigants to take control of their dispute and encourages amicable resolution of disputes.

S.D. Fla. L.R. 16(a)(2).  This is why, in every civil case[2] in this District, courts are required to "enter an order of referral" directing the parties to complete mediation well before the scheduled trial date.  *See* S.D. Fla. L.R. 16(d)(1).  To ensure completion of this task, a mediation report must be filed within five days of the mediation hearing indicating whether all required parties were present and the outcome of the mediation.  *See* (ECF No. 58); *see also* S.D. Fla. L.R. 16(f)(1).

As previously mentioned, the Court entered its mandatory order of referral to mediation on January 26, 2015.  *See* (ECF No. 58).  Pursuant to that order, the parties attended a mediation hearing on October 21, 2015 where it was mutually decided that mediation would be continued to another day.  However, no mediation report was filed within five days of the hearing.  Nor was a mediation report filed within five days of the new deadline for mediation—March 25, 2016—that was directly triggered by the amended scheduling order setting trial for the two-week period beginning June 13, 2016.

According to the record available to the Court, it appears that the Court's mandate to mediate was simply neglected by the parties.  In addition to not furthering the mediation, the parties made no effort to inform the Court of their progress in mediation.  Only after the Court, on its own accord, issued an order to show cause for why the case should not be dismissed for failure to comply with the Court's mediation order did the parties report their: (1) lack of progress in mediation; (2) failure to continue mediation at a later date; and (3) failure to file a timely mediation report.

---

[2] There are thirteen (13) enumerated types of cases that are not subject to mediation.  This case is not one of those.

These are not mere oversights that the Court can idly endorse. In fact, the Court expresses grave concern over the parties' langourous behavior on this matter. Beyond the initial notification of mediation hearing, the record is devoid of any attempts to comply with the court-mandated mediation process. Accordingly, the parties are instructed to conduct mediation on or before May 5, 2016. Within five days of the hearing, the parties must file a mediation report informing the Court of the outcome. Failure to comply with this order may result in the imposition of sanctions, including dismissal of this case.

### B. Marder Defendants' Motion for Partial Summary Judgment

On October 23, 2015, this Court entered a Paperless Order that required the parties to file "any and all pretrial motions, including motions for summary judgment . . . no later than March 25, 2016." *See* (ECF No. 123). On March 25, 2016, the Marder Defendants filed their Motion for Partial Summary Judgment (ECF No. 152) without a supporting Statement of Undisputed Material Facts as required under Local Rule 56.1. On April 11, 2016, the Government filed its Response in opposition to the Marder Defendants' Motion for Partial Summary Judgment. In its Response, the Government noted that the Marder Defendants failed to provide any evidentiary support for their motion. *See* (ECF No. 176). The Marder Defendants did not seek an extension of the summary judgment deadline and did not seek leave from this Court to file an untimely Statement of Undisputed Material Facts.

As a threshold matter, the Court places great emphasis upon, and implores the parties to be mindful of, the fact that local rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)); *see also Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) ("[Local rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)). Local

rules serve more than a technical purpose and "litigants ignore them at their [own] peril." *Caban Hernandez v. Philip Morris USA, Inc*., 486 F.3d 1, 7 (1st Cir. 2007) ("Rules like Local Rule 56 are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court."); *see also State Farm Mut. Auto. Ins. Co. & State Farm Fire & Cas. Co. v. B&A Diagnostic, Inc*., No. 14-CV-24387-KMM, 2015 WL 7272738, at *1 (S.D. Fla. Nov. 16, 2015) ("Although a failure to comply with the local rules can often result in harsh, if not fatal, outcomes for a party, such results are 'not by calculated choice of t[he] Court.'") (quoting *Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1246 (S.D. Fla. 2009)).

Under the Local Rules of this Court, "[a] motion for summary judgment . . . shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." S.D. Fla. L.R. 56.1. "[T]he rule's clear procedural directive is intended to reduce confusion and prevent the Court from having to scour the record and perform time-intensive fact searching." *Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012). This rule is "also consistent with determining the appropriateness of summary judgment." *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 2675435, at *2 (S.D. Fla. July 6, 2012). After all, a moving party has a responsibility "to inform the court of the basis for its motion." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal alterations omitted).

First, without a supporting Statement of Material Facts, this Court has no basis to entertain the Marder Defendants' Motion for Partial Summary Judgment. Second, there is a danger of prejudice to Plaintiff as the non-movant as they are forced to perform an intensive factual inquiry to determine the basis for the Marder Defendants' Motion for Partial Summary Judgment. Third, the Marder Defendants provided no excuse for their inadvertent mistake and continued non-compliance with the Local Rules of this Court.

It is well established that both the Court and the litigants are served well by adhering closely to the requirements of the Local Rules of this Court. This Court exhibits a strong preference to decide dispositive motions on their merits but will not allow parties to exhibit blatant disregard for the Local Rules that necessarily impedes judicial efficiency and effects opposing parties prejudicially. This Court must have an "appropriate basis" to determine a motion for summary judgment. Additionally, counsel for the Marder Defendants is reminded that sanctions may be imposed in the future if counsel fails to heed the Court's deadlines or continues to disregard the Local Rules.

Accordingly, the Marder Defendants' Motion for Partial Summary Judgment (ECF No. 152) is DENIED.

### C.     Marder Defendants' Motion for Extension of Time for Discovery

On March 3, 2016, the Marder Defendants filed a motion for extension of time to complete discovery and file pretrial motions or alternatively to strike the Government's Expert Report. *See* (ECF No. 133). Specifically, the Marder Defendants seek a six-week extension of time to complete discovery and file pretrial motions. The Marder Defendants' primary assertion is that issues surrounding expert witnesses will prevent both parties from meeting the Court's discovery deadline of March 5, 2016. The Government responds that the grounds for an extension of discovery offered by the Marder Defendants are contradicted by the representations made by the parties in the Joint Motion to Continue Trial filed five months ago and by the record in this case since that time. *See* (ECF No. 142).

Discovery is a matter largely left in the hands of the parties, until the need arises for judicial intervention. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *4 (M.D. Fla. Oct. 25, 2013) ("Discovery in federal court is a self-managed process.") (citation omitted); *see also Selectica, Inc. v. Novatus, Inc.*, No. 6:13-CV-1708-ORL-

8

36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014) ("Discovery is intended to be extrajudicial and self-executing. It should require at most, infrequent court involvement."). After all, "[t]he Federal Rules of Civil Procedure are premised on the notion that 'reasonable lawyers can cooperate to manage discovery without the need for judicial intervention.'" *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 556 (D. Colo. 2014) (quoting Fed. R. Civ. P. 26(b)(1), advisory committee notes (2000)). One commentator's notes on the collective responsibility the parties and the Court share in discovery proves worthy of review here:

> The trial court's ability to manage the discovery process depends on having the information needed to make wise management decisions. That process begins with the parties conducting a meaningful Rule 26(f) conference, submitting a thoughtful and well-developed Rule 26(f) report, and taking the initiative to raise discovery planning and discovery management issues with the court at the Rule 16 scheduling conference or prior to the issuance of the scheduling order. As the case proceeds, parties that need additional or modified guidance from the court regarding discovery planning or discovery management may request further conferences with the court. At all times, the parties must remember that the judge's ability to manage discovery depends heavily on the parties being able to provide informed and thoughtful input to the court regarding their clients' discovery needs and abilities and the real discovery needs of the case.

1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* (2016) (Commentary to Rule 26).

The Court's October 23 Order extending the discovery period through March 5, 2016 provided the parties approximately four and a half extra months to complete this process in a case that embarked on its Homeric path approximately eighteen (18) months ago. A review of the record reveals that during the extended discovery period, only nine docket entries were made—none related to discovery disputes amongst the parties. Then two days before the end of the discovery period, the Marder Defendants sought a further extension of the discovery period under the guise of fairness and a need for due process for all parties.

9

There is a doomsday quality to this argument. The Marder Defendants' failure to notice—or inform the Court—of potentially obvious red flags in the discovery process cannot at this juncture justify a significant reshaping of the case management schedule. The Court has the responsibility to manage its docket, and will not continue to drag out this process *ad infinitum*. There has been plenty of time for discovery, even taking into account the discovery motion practice that has occurred. Quite frankly, it is not the court's role to drag a party kicking and screaming through discovery. Moreover, extending discovery at this late stage of the litigation is entirely inappropriate. For discovery to be accomplished effectively it "requires cooperation rather than contrariety, communication rather than confrontation." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008). The discovery process here was anything but effective, certainly costly, and more closely resembles the type of discovery dispute that Judge Wayne Alley once vented his displeasure over.[3]

### D. Various Other Pending Motions

The Court also has several other administrative matters pending before it that warrant resolution in this Order. Below, the Court will enter orders on the following motions: (1) the Government's Motion to Exceed Page Limits (ECF No. 145); (2) the Government's Motion to Seal (ECF No. 156); (3) the Kendall Defendants' Unopposed Motion to Exceed Page Limits (ECF No. 183); (4) the Kendall Defendants' Motion to Seal (ECF No. 184); and the Marder Defendants' Unopposed Motion to Exceed Page Limits (ECF No. 189).

## II. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that:

---

[3] *See Krueger v. Pelican Prod. Corp.*, C/A No. 87-2385-A (W.D. Okla. Feb. 24, 1989); *see also* Network Computing Servs. Corp. v. Cisco Sys., Inc., 223 F.R.D. 392, 395 (D.S.C. 2004) ("[R]efereeing contentious discovery disputes is . . . perhaps the most unwelcome aspect of a trial judge's work.").

1. The parties are instructed to conduct mediation on or before May 5, 2016. A mediation report must be filed within five (5) days of the hearing. Failure to comply may result in sanctions, including dismissal.

2. The Marder Defendants' Motion for Partial Summary Judgment (ECF No. 152) is DENIED.

3. The Marder Defendants' Motion for Extension of Time to Conduct Discovery and File Pretrial Motions (ECF No. 133) is DENIED.

4. The Government's Motion to Exceed Page Limits (ECF No. 145) is GRANTED *nunc pro tunc* to the date of the filing of the summary judgment motion. The Government's Statement of Material Facts shall not exceed sixteen (16) pages.

5. The Government's Motion to Seal (ECF No. 156) is GRANTED. The Clerk of Court is DIRECTED to maintain under SEAL the documents contained in ECF No. 157 until further order of this Court, or upon the conclusion of this litigation, including any appeals.

6. The Kendall Defendants' Unopposed Motion to Exceed Page Limits (ECF No. 183) is GRANTED in PART and DENIED in PART *nunc pro tunc*. The Kendall Defendants shall submit a Statement of Material Facts in support of their opposition to summary judgment of no more than twenty (20) pages no later than April 29, 2016.

7. The Kendall Defendants' Motion to Seal (ECF No. 184) is DENIED as MOOT.

8. The Marder Defendants' Response (ECF No. 187) and accompanying Statement of Material Facts in Opposition (ECF No. 188) are hereby STRICKEN for failure to comply with Local Rule 56.1. The Marder Defendants may refile a Response and Statement of Material Facts that fully comply with the Federal Rules of Civil Procedure and the Local Rules of this District no later than April 29, 2016. Any statement of material facts must not exceed twenty (20) pages.

9. The Marder Defendants' untimely Motion to Exceed Page Limits (ECF No. 189) is DENIED as MOOT.

10. The Government's deadline to file a Reply in support of its Motion for Summary Judgment is hereby extended until May 6, 2016.

11. All other deadlines not expressly dealt with in this Order are otherwise unaffected.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of April, 2016.

K. M. Moore
_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record